**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **No. 21-CR-243-APM** |
| **v.** | **:** | |
| | **:** | |
| **JOHN LOLOS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' MEMORANDUM**
**REGARDING STATUS OF DISCOVERY AS OF OCTOBER 19, 2021**

The United States files this memorandum for the purpose of describing the status of

implementation of our discovery plan in relation to voluminous sets of data that the government

collected and continues to collect in its investigation of the Capitol Breach cases, among which

may be interspersed information the defense may consider material or exculpatory.  The

materials upon which this memorandum is focused include, for example, thousands of hours of

video footage from multiple sources (e.g., Capitol surveillance footage, body-worn-camera

footage, results of searches of devices and Stored Communications Act ("SCA") accounts,

digital media tips, Parler video, and news footage), and hundreds of thousands of investigative

documents including but not limited to interviews of tipsters, witnesses, investigation subjects,

defendants, and members of law enforcement.

**Evidence.com: Video Footage**

On September 3, 2021, the United States modified its contract with Axon Enterprise, Inc.

("Axon"), our evidence.com vendor.  Pursuant to the modification, the government funded a

Capitol Breach defense instance of evidence.com and purchased licenses that will enable legal

defense teams to gain access to evidence.com and view voluminous video evidence.  The defense

instance is managed and administered by the Federal Public Defender for the District of

Columbia ("FPD"), who is acting as the Discovery Liaison for defense counsel in Capitol Breach cases, and the government has no ability to log into or retrieve information from the defense instance.

In conjunction with the Defender Service's National Litigation Support Team, FPD created a structure for distributing and tracking evidence.com licenses for defense counsel. As of October 18, 2021, FPD has sent emails to all Capitol Breach defense counsel with instructions on how to request a license for the legal defense team to view videos in evidence.com. FPD also developed a "Quick Start Guide" that it simultaneously circulated to all Capitol Breach defense counsel, with instructions for registering an account, logging into evidence.com, and further describing how video discovery may be shared with their clients through the evidence.com platform consistent with the protective order entered in most Capitol Breach cases.

As of October 19, 2021, the following video footage has been shared to the defense instance of evidence.com and is accessible to any Capitol Breach defense counsel who requests a license:

- 16,925 U.S. Capitol Police ("USCP") Closed Circuit Video ("CCV") files consisting of approximately 4,800 hours (over four terabytes) of footage from 515 cameras located inside the U.S. Capitol Visitor Center and on the Capitol grounds. To assist the defense in locating relevant USCP CCV, we have also produced 15 camera maps of the interior of Capitol Visitor's Center and the interior of the Capitol.

- 1,676 Metropolitan Police Department ("MPD") body-worn-camera ("BWC") files consisting of approximately 1,600 hours of footage recorded by over 900 officers between 1:00 p.m. and 6:00 p.m. on January 6, 2021. To assist the defense in locating officers who may have recorded body-worn-camera footage at a particular location and time, we also produced a spreadsheet created by the Discovery Team based on MPD radio Global Positioning Satellite records.

On a rolling basis within the next one to four weeks, assuming there are no unforeseen issues, we expect to produce:

- The remainder of USCP CCV (4,204 files), which is mainly comprised of footage that has been deemed Highly Sensitive, e.g., footage of the interior of the Capitol;[1]
- A camera map for the Capitol grounds;
- The remainder of MPD BWC footage (largely consisting of footage outside the 1:00 to 6:00 p.m. timeframe), and BWC footage from Arlington County Police (124 files), Fairfax County Police (24 files), Montgomery County Police (60 files), and Virginia State Police; and
- U.S. Secret Service surveillance camera footage (143 videos).

We are also currently evaluating the technical specifications for producing additional video files we recently obtained from MPD consisting of (non-BWC) video recordings made by officers of MPD's Electronic Surveillance Unit.  We will continue to utilize evidence.com to produce video footage in all Capitol Breach cases.

### **Relativity: Voluminous Documents**

On October 13, 2021, the United States modified its contract with Deloitte Financial Advisory Services, LLP ("Deloitte") to fund a Capitol Breach Relativity workspace and purchase licenses that will enable legal defense teams to gain access to the database.  FPD is now consulting with Deloitte and will create a structure for distributing Relativity licenses to defense counsel.  FPD will notify Capitol Breach defense counsel once a plan for license access is developed.

While we work the FPD to setup the Capitol Breach Relativity workspace, we are producing materials directly to all defense counsel through USAFx.  Since our last filing

---

[1] To be clear, we are not producing via evidence.com footage that constitutes "Security Information" pursuant to 2 U.S.C. § 1979, i.e., the 17 hours of CCV footage that relate to the evacuation of Congressional Members. The disclosure of this footage will be handled separately.

describing the status of discovery as of September 14, 2021, the following materials and a corresponding index have been made available for sharing with Capitol Breach defense counsel via USAfx:

- 42 files that consist of MPD internal investigation reports and exhibits (739 pages);
- 31 files consisting of digital exhibits to previously produced USCP Office of Professional Responsibility ("OPR") reports;[2] and
- U.S. Capitol Police radio communications and draft transcripts.

On a rolling basis within the next one to four weeks, assuming there are no unforeseen issues, we expect to produce the following documentation:

- USCP After Action Reports;
- MPD Aerial Surveillance Unit Photos;
- Permits for Demonstrations at the U.S. Capitol;
- BWC Spreadsheet (work product created to assist in review of BWC footage);
- Additional MPD internal investigation reports;
- Virginia State Police radio transmissions; and
- A collection of statements made by various members of law enforcement during interviews arising out of the Capitol Breach investigations.

Our Relativity database currently contains over 33,000 records from USCP, 23,000 records from MPD, and 56,000 records from the FBI's main Capitol Breach file (of which about 29,000 pertain to individual defendants and are likely to overlap with materials already produced in the specific cases to which they are most directly relevant). These materials continue to be reviewed for discoverability and will be produced on a rolling basis (including the productions already made as described above). As many documents may not be discoverable, neither the Court nor defense counsel should expect the size of the productions to the defense to mimic the size of the government's Relativity workspace.

---

[2] On September 10, 2021, we made available via USAfx 35 files consisting of 28 reports from USCP OPR investigations of alleged wrongdoing by USCP officers on January 6, 2021.

We are in the process of loading additional records obtained from the FBI's cyber squad, e.g., legal process pertaining to the collection of geolocation data from Google, Inc. and various electronic service providers.

We have not yet begun to load into Relativity several hundred thousand other FBI records as they are under-going pre-processing that includes ensuring the materials are devoid of classified content, and that any materials that might be subject to protection under Federal Rule of Criminal Procedure Rule 6(e) are segregated for processing internally. These processes take time.

We will next turn our attention to processing and providing:

- Additional MPD, USCP and Federal Bureau of Investigation ("FBI") records and memoranda;
- Case-specific discovery (i.e., discovery already produced to the defendant for whom it is directly relevant, but which will be made accessible to all defendants);
- Results of all searches of devices and SCA accounts; and
- Custodial statements of all defendants.

In terms of the manner in which discovery will be produced going forward:

- Until Relativity access is available to Capitol Breach defense counsel, limited productions such as those described above will continue to be made available to counsel via USAfx, as well as produced to the defense Relativity workspace.

- Once defense counsel have access to Relativity, it will become the primary method for producing voluminous documents.  However, we will still continue to make organized productions and issue discovery letters to defense counsel describing materials that have been added to the defense database.

- Certain materials, because of their nature or volume, will only be produced to the defense Relativity workspace. E.g., case-specific discovery that has been provided in *other* defendant's cases and the results of searches of devices and SCA accounts.  Those materials will become accessible to defense counsel once FPD distributes licenses for Relativity.

We understand that the Court would like us to project when production of voluminous materials will be substantially complete.  We expect to be able to provide more information about that in the next few weeks and will provide a further update.

### Incarcerated Defendants

In collaboration with FPD, we have developed a number of proposals to increase access by incarcerated defendants to discovery materials.  These proposals include providing access to e-Discovery (by providing limited evidence.com and Relativity access to inmates via secure wi-fi); increasing the number of computers available for discovery review; and making currently unutilized space available for document review.  We are meeting with representatives from the D.C. Department of Corrections on Wednesday, October 20, 2021, to discuss these proposals.

### Conclusion

In sum, we have made substantial progress in our diligent efforts to provide the defense comparable discovery review platforms for both documents and digital media, to populate those platforms, and to use alternative means to provide the most relevant discovery without delay. We will diligently continue to transfer data to our vendors, process it for production, and make

interim productions by other means until the defense platforms are in place.  As we continue to

implement our plan, we will continue to file status memoranda with the Court on a regular basis.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By:      /s/ *Emily A. Miller*            By:   /s/ Anthony L. Franks
EMILY A. MILLER                  ANTHONY L. FRANKS
Capitol Breach Discovery Coordinator    Missouri Bar No. 50217MO
DC Bar No. 462077                Assistant United States Attorney
555 Fourth Street, N.W., Room 5826    Detailee – Federal Major Crimes
Washington, DC 20530             United States Attorney's Office
Emily.Miller2@usdoj.gov          for the District of Columbia
(202) 252-6988                   Telephone No . (314) 539-3995
                                 anthony.franks@usdoj.gov

7