December 2, 2021

LET THIS BE FILED
Signature _____
Date _____ 1/20/22

U.S. District Court,
United States Courthouse,
333 Constitution Ave. NW,
Washington, D.C. 20001

Re: U.S. v. Lolos 1:21-mj-0009922

To the Court:

    Enclosed please find my enclosed habeas petition.

    Thanking you for your kind attention, I am
very truly yours,

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693





11

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA

Against

JOHN LOLOS, Defendant

MOTION TO PROCEED AS A POOR PERSON

MARK MARVIN, Petitioner hereby moves this Court for an order allowing him to proceed as a poor person in that he lives on social security, (about $1,200 per month) has a savings account of about $20,000 entirely from Social Security, owns no tangible assets and lives as caregiver with his mother (age 102) and is other wise unable to pay the costs of this action.

Affirmed as true,

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
December 2, 2021




UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Case No 1: 21-cr-243
~~1:21-mj-0009922~~

Hon. Amit Mehta

Against

JOHN LOLOS, Defendant

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia
DEC 10 2021
RECEIVED
Mail Room

## PETITION FOR A WRIT OF HABEAS CORPUS
## PETITION FOR A WRIT OF CORAM NOBIS

This is a Someone petition for a Writ of Habeas Corpus/ Coran Nobis to determine the legality of the criminal charges and restraints against the defendant(s) who were charged with crimes in connection with a mostly peaceful assembly by peaceful persons in Washington D.C. on January 6. 2021 intended "to peacefully assemble, and to petition the Government for redress of grievances." (U.S. Const. Amend. I)  JOHN LOLOS was indicted for criminal violation of the First Amendment including: 40 U.S.C. 5104 for being in the open to the public Capitol Building.  Defendant pled guilty on July 23, 2021 to violation of the First Amendment and was sentenced to 14 days in the Capitol Dungeon, (which was, at last report being evacuated under the Eighth Amendment)  He had served two days immediately after arrest at the airport where he was removed from the airplane for leading a pro Trump cheer: "Trump 2020" effectively ending the Cheerleader Coup.

Petitioner MARK MARVIN, as a matter of law has standing as "someone"  (28 U.S.C.A. 2242 , Darr v. Birford, 339 U.S. 200, 203, 70 S.Ct. 587, 590)  And further, Petitioner has standing in that this prosecution is intended, through "equal protection" to *a piori* deny him access to Washington, D.C. ,   See: N.A.A.C.P., 357 U.S. 449 (Cornell Law 357/44:  II, 19, 20) (See: Geneva Convention, No. 8, 13, 14) and says:

1, This matter concerns the alleged appearance of the Defendant in Washington D.C., on January 6, 2021 in furtherance of his Constitutionally secured right to peacefully assemble and petition the government for redress of grievances, and the government's attempt to criminalize the First Amendment, and particularly visiting Washington, D.C. and the government buildings ordinarily open to Antifa types.

2, The  LOLOS violation of the First Amendment consisted of, according to the Statement of Facts,  that he yelled "Trump 2020" on the airplane and that he was seen "exiting a doorway from the East front of the U.S. Capitol Building…."  In further violation of the First Amendment he was seen with a " 'Trump 2020 Keep America Great' flag hooked together with

the United States flag....."   LOLOS  stated in open court:  "Lolos claimed that the 'smallest police officer I've ever seen in my whole life' beckoned Lolos to follow him inside the Capitol" (courthouse news.com/capitol-rioter gets-2-week prison...)

3, The (template) Complaint alleges that "The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police.  Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S.  Capitol police.  Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. (p. 1)  Not true.
 In fact:
"The Capitol Visitor Center, the main entrance to the U.S. Capitol at First Street and East Capitol Street .... is open to visitors from 8:30 a.m. to 4:30 p.m. Monday through Saturday except for Thanksgiving Day, Christmas Day, New Year's Day and on Inauguration Day.... Admission is free.  However passes are required for tours of the historic Capitol and may be needed for other special events."  (https.//w.w.w.visit the capitol.gov./plan-visit/visitor-hours-inf  ? )  The capitol and the Capitol are pretty much known as a tourist attraction and are designed to attract crowds. The Complaint implies that Washington D.C. is some sort of forbidden city.  Washington D.C. was, in fact, designed with wide streets to accommodate crowds and spectacular sights to attract and welcome crowds.


"EVERYONE PARTICIPATING IN THE MOB CONTRIBUTED TO THAT VIOLENCE" (Poitico,  quoting Hon. Judge Beryl Howell 10/28/2021)  (GRIFFITH  1:21-cr-00204 (BAH) )

4 "Howell then made it clear that she considered all participants in the Jan. 6 Capitol breach (to be) enablers of an assault against the republic.... Howell added. 'They were not merely disorderly, as countless videos show the mob that attacked the capitol was violent. Everyone participating in the mob contributed to that violence.' " (politico.com)  Kindly note The Conga Line Coup, the Munn Family Coup, the murder of Babbitt.

5, It is well-established by the F.B.I. and related police sources that the Capitol Building was wide open to visitors on January 6, 2021.

Sworn Complaints by F.B.I. , Capitol Police, and N.C.I.S. demonstrate that the Capitol was open to free entrance by The Free Speech visitors.

SEE; JACOB HILES: "The Complaints/Facts include but are not limited to:  Barnett, Chansley, Foy, Pham, Robertson, Fracker, Chwiesiuk, Munn Family , Hale-Cusanelli, Bustles, Eisenhart and Munchel, Warnagiris, Grods (and the Conga line Coup), Lang, Buteau, Jenkins, Hodgkins, Webster, Minuta, Bissey and Morgan, and many more! (500+)  including  COUY GRIFFIN (21-

CR-00092 ). The Capitol was far from "closed to members of the public" (Doyle Statement of Offense, p. 1, para. 2) "Capitol police attempted to maintain order and keep the crowd from entering the Capitol." This is a false statement by the government, and being fundamental to the criminal indictment exposes the falsity of the charges. Added to that list of persons allowed free access to the Capitol Building is  DANIELLE NICOLE DOYLE  and this instant defendant JACOB HILES. "  (now Brandon Fellows) (now Jake Griffith) (now JOHN LOLOS)

6, Hon. Judge Beryl by holding that the Free Speechers conspired (implicitly or otherwise) to form a "Mob" has made the case for joint trial of all defendants, not severed trials, so that the court may reliably determine guilt from a Really Complete Version of the Facts. A joint trial will reliably determine whether 500, 600, 700 Free Speechers conspired to commit the crime of the century. Curiously the F.B.I. has taken an opposite position on any "conspiracy". "The FBI has found scant evidence that the Jan 6 (attack [mostly peaceful protest]) … was the result of an organized plot to overturn the presidential election result…. 'Ninety to ninety-five percent of these (cases) are one-off cases ….there was no grand scheme' " (Washington Examiner, August 20, 2021, reuters.com , August 20, 2021)  There is the question of News Media properly as defendants, e.g. Barnett case (28:2241) where Media instructed him to put foot on desk for better visual effect, after the door was unlocked for his entry.

7, FELLOWS is accused ( para. 16) with
"several people  (who were) observed in an office that appeared to be within the Capitol.  The video shows a person who appears to be FELLOWS, sitting at a table with his feet propped up on a table, as shown in the still shot below … which appears to be Senate room S140, the private 'hideway' office of Senator Merkley within the U.S. Capitol." The Facts in the Barnett case reveal that the police officer observed that Speaker Pelosi's office was locked, then pushed open (after being unlocked to allow Barnett in) then Barnett was suggested by the News to put his foot on the (not) Pelosi desk. It is apparent that Senator Merkley's office was open and inviting to visitors, likely as part of Speaker General Peloi's grand entrapment scheme.

8, On January 1, 2021 about 2:00 AM San Francisco police reportedly were called to advise that leftist slogans were painted on the PeloseTenth+/- home, with a pig head.

9, The court in the person of Judge Mehta told LOLOS (correctly) "Those who orchestrated January 6 have in no way meaningful sense been held accountable. I think you are a pawn. You are a pawn in a game played by people who should have known better." The Court is recognizing a very real entrapment scheme apparently orchestrated by Speaker General Pelosi who reportedly refused increased security at the Capitol, then had her office open to TV crews

who had Barnett put one foot on (not ) Pelosi's desk. The evidence shows that the free speech protest was not orchestrated, but the Capitol "open door" policy was.

10, "EVERYONE PARTICIPATING IN THE MOB CONTRIBUTED TO THAT VIOLENCE" . THE CASE FOR A JOINT TRIAL FROM THE CHIEF JUDGE, IS A MATTER OF ADMINISTRATIVE LAW.
(Poitico, quoting Hon. Judge Beryl Howell 10/28/2021, U.S. v. Griffith, 1:21-cr-00204 (BAH) )

11 "Howell then made it clear that she considered all participants in the Jan. 6 Capitol breach (to be) enablers of an assault against the republic…. Howell added. 'They were not merely disorderly, as countless videos show the mob that attacked the capitol was violent. Everyone participating in the mob contributed to that violence.' " (politico.com) Kindly note The Conga Line Coup, the Munn Family Coup, the murder of Babbitt.

12, Hon. Judge Beryl by holding that the Free Speechers conspired (implicitly or otherwise) to form a "Mob" has made the case for joint trial of all defendants, not severed trials, so that the court may reliably determine guilt from a Really Complete Version of the Facts. A joint trial will reliably determine whether 500, 600, 700 Free Speechers conspired to commit the crime of the century. Powell was alleged to be part of a mob and has asked for counsel to investigate witnesses, fruitless to date. LOLOS has stated along with others that he was "beckoned (Lolos) to follow him (police officer) inside the Capitol"

13, This instant Court has stated that those persons who orchestrated January 6 have in no meaningful sense been held accountable". The Court has ample evidence that the large scale visitation of the open to the public Capitol was orchestrated through the benign or active encouragement of the Capitol police who were directly under the control of Speaker General Pelosi. That evidence consists of sworn statements by F.B.I. , Capitol Police, and others, that the Capitol was open to the public, and despite open invitation, the public was charged with trespassing crimes as Free Speech violations. Ashley Babbitt was murdered by capitol police.

14, Hon. Judge Beryl by holding that the Free Speechers conspired (implicitly or otherwise) to form a "Mob" has made the case for joint trial of all defendants, not severed trials, so that the court may reliably determine guilt from a Really Complete Version of the Facts. A joint trial will reliably determine whether 500, 600, 700 Free Speechers conspired to commit the crime of the century. Powell was alleged to be part of a mob and has asked for counsel to investigate witnesses, fruitless to date. We have many witnesses, and Judges Mehta and Howell have clearly indicated that there was a pattern to the "mob" however ignoring that the

orchestrated mob/conspiracy clearly calls for further evidence in the Speaker's role in that orchestration by allowing free access to the Capitol, then claiming it was closed.

15, There is no record the defendant was apprised of the need for a joint trial, and that counsel is in all respects ineffective in failing to provide witnesses that the Capitol was open. Counsel appears to be hopelessly ineffective and his representation frivolous.

16, The government has actually failed to make out a *prima facie* case that the defendant did anything illegal, i.e. being in Washington, D.C. to exercise First Amendment rights is still legal, particularly when the government city is a tourist attraction, and the Capitol invites visitors on its web site. It should be noted that General Pelosi ordered two divisions of National Guard shock troops (state militia) to shut down the forbidden city and to establish Fortress Pelosi, essentially to make the seat of the U.S. government a forbidden city to the American population, to unsecure First Amendment protected activities by *a priori* intimidation. Fortress Pelosi was rebuilt c. September 20, 2021 for another entrapment exercise which failed.

17, The instant Complaint and Indictments are jurisdictionally defective and facially predicated on a bad faith attempt to criminalize the First Amendment in a giant entrapment scheme apparently orchestrated by Speaker/General Nancy Pelosi who appears to be protected by the Court.

WHEREFORE, this petition for habeas corpus/coram nobis should be granted and the defendant released from the custody and compensated for any costs he paid, and granted such other and further relief as is just and proper. Any trial should not be ordered severed from other January 6, defendants, consistent with the opinion of the Chief Judge of the District Court for the District of Columbia.

Affirmed as true on information and belief

*Mark Marvin* (signature)

Mark Marvin, December 2, 2021
135 Mills Road
Walden, N.Y. 12586
845-778-4693

To: U.S. District Court, Courthouse, 333 Constitution Ave. NW, Washington, D.C. 20001

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
                                      1:21-mj-0009922
                                      Hon. Amit Mehta

Against

JOHN LOLOS, Defendant

MEMORANDUM OF LAW

THIS INDICTMENT AND THE UNDERLYING PROSECUTION VIOLATE DUE PROCESS AND CANNOT BE USED TO DENY FIRST AMENDMENT RIGHTS.

    Preliminary hearing and the grand jury both determine whether there is probable cause with regard to the suspect. (Coleman v. Alabama, 1957, 339 U.S. 1) "Its historic office has been to provide a shield against arbitrary or oppressive action, by ensuring that serious criminal accusations will be brought only upon the considered judgment of a representative body of citizens acting under oath and under judicial instruction and guidance." (U.S. v. Mandujano, 1976, 425 U.S. 564, 571) Judicial supervision is properly exercised in such (First Amendment) cases to prevent the wrong before it occurs." (United States v. Calandra, 1974, 414 U.S. 338, 346) The government has failed to meet the high burden in obstructing First Amendment rights. (U.S. v. Alvarez, 2012, 132 S.Ct. 2537, 567 U.S. 709, Brown v. Entertainment Merchants Assoc. 2011, 131 S.Ct. 2729, 564 U.S. 786) (July 1, 2021: Americans For Prosperity v. Bonta, 19-251, 594 U.S. ____ (2021))

    Grand juries must operate within the limits of the First Amendment and may not harass the exercise of speech and press rights. (Branzburg v. Hayes, 1972, 408 U.S. 665, 707-08) "(G)rand jury investigations if instituted or conducted other than in good faith, would pose wholly different issues for resolution under the First Amendment."

    "The Department of Justice does not consider the press 'an investigative arm of the government'." (Branzburg, Id. p. 707, fn. 41)

GRAND JURIES MUST NOT HARASS THE EXERCISE OF SPEECH RIGHTS.

    Preliminary hearing and the grand jury both determine whether there is probable cause with regard to the suspect. (Coleman v. Alabama, 1957, 339 U.S. 1) "Its historic office has been to provide a shield against arbitrary or oppressive action, by ensuring that serious criminal

accusations will be brought only upon the considered judgment of a representative body of citizens acting under oath and under judicial instruction and guidance." (U.S. v. Mandujano, 1976, 425 U.S. 564, 571) Judicial supervision is properly exercised in such (First Amendment) cases to prevent the wrong before it occurs." (United States v. Calandra, 1974, 414 U.S. 338, 346) The government has failed to meet the high burden in obstructing First Amendment rights. (U.S. v. Alvarez, 2012, 132 S.Ct. 2537, 567 U.S. 709, Brown v. Entertainment Merchants Assoc. 2011, 131 S.Ct. 2729, 564 U.S. 786)

Grand juries must operate within the limits of the First Amendment and may not harass the exercise of speech and press rights. (Branzburg v. Hayes, 1972, 408 U.S. 665, 707-08) "(G)rand jury investigations if instituted or conducted other than in good faith, would pose wholly different issues for resolution under the First Amendment."

ENTRAPPMENT

Defendant "is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment -- a defense that has two related elements of Government inducement of the crime and a lack of predisposition on the defendant's part to engage in criminal conduct." (Mathews v. U.S. 1988, 485 U.S. 58, 108 S.Ct. 883) (Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819) ("entrapment was established as a matter of law") It is well established that the "right to personal security and privacy tilts in favor of freedom from police interference." (Brown v. Texas, 99 S.Ct. 2637, 2641, 443 U.S. 47, 52) (T)he seizure of the particular individual, or that the seizure must be carried our pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers." (Id. p. 51, 2640)

Federal law provides that there is a culpability sentencing enhancement when "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense…." (USSG 3B1.3, 18 U.S.C.A. ) Police officers who have used their public trust have been held culpable for that particular enhancement when their activities have facilitated the commission of a crime. Officer Romero identified computers what were ripe for theft, and tipped off co-conspirators to a possible raid. (U.S. v. Romero, CA11, 2013, 518 Fed. Appx. 648, 650-1) *Romero* cites the case of an officer who used his office and patrol car to prevent police interception of his co-conspirator's drug sales to an undercover agent." ( Id. p. 652, Citing U.S. v. Terry, 60 F.3d 1541, 1545)

SEVERED TRIAL PREJUDICED DEFENDANT:

A joint trial serves to elicit a more complete version of the facts. In this case, there is the possibility that guilt by one of the defendants will rub off on the other (U.S. v. Mardian, DC Cir. 1976, 546 F.2d 973, 977)

GUILT BY ASSOCIATION IS IMPROPER

"Knowledge that another proposes unlawful action does not alone show conspiracy." (Commonwealth v. Stephens, 1974, Pa. Super. 231 Pa. Super. 481, 723 citing: U.S. v. Flacone, 311 U.S. 205, 61 S.Ct. 204; and Direct Sales Co. 319 U.S. 703, 63 S.Ct. 1265) "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail under the limited scrutiny of appellate review." (Johnson v. Mechling, 2011, CA3, 446 Fed. Appx. 531, 540)

"(G)uilt by association alone without (establishing) that an individual's association poses a threat feared by the government, is impermissible upon which to deny First Amendment rights." (N.A.AC.P. v. Clayborne Hardware Co. 1982, 458 U.S. 886, 102 S.Ct. 3409)

(Guilt by association, i.e. membership) without any need to establish that an individual's association poses the threat feared by the government … is unconstitutional" (U.S. v. Rober, 1967, 389 U.S. 258, 88 S.Ct. 419)

(Impermissible imputation) of guilt to an individual merely on the basis of his associations and sympathies rather than because of some concrete personal involvement in criminal conduct …. offends the First Amendment in that it infringes on free political expression. (Scales v. U.S. 1961, 367 U.S. 203, 81 S.Ct. 1469)

COUNSEL WAS INEFFECTIVE

Counsel was ineffective for counseling defendant to plead guilty. Defendant's plea was irrational, involuntary, not willful, nor knowing and not based on effective assistance of counsel. (Commonwealth v. Marsh, 271 A.2d 481, 483; McMann v. Richardson, 397 U.S. 759) Defendant made an unfavorable plea on defective advice of counsel. (Bradshaw v. Stumpf, 545 U.S. 175) *Subsequent counsel was ineffective and "counsel did not act in any greater capacity than merely as amicus curiae" and counsel's bare conclusions(s) that there was no merit to*

*petitioner's appeal (or post-conviction petitions) was not enough . (Anders v. California, 386 U.S. 738)* Before he allows his client to plead guilty, the attorney must also communicate the results of his analysis of the case. (McMann v. Richardson, Id. Pp. 769-71) Although the attorney's analysis need not provide a precisely accurate prediction of the respective consequences of pleading guilty or going to trial, the scrutiny must be undertaken on good faith. (See also U.S. v. Aranitis, 902 F.2d 489, 494, 7th. Cir, 1990)

RECUSAL

Under United States law: "(a) Any judge … of the (United States ) shall disqualify himself in any proceeding in which his impartially might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances (1) Where he has a personal bias … (5) He… (ii) is acting as a lawyer in the proceeding; …" (28 U.S.C. S. 455, see: *Cheney v. U.S.* , 541 U.S. 913; *U.S. v. Will*, 449 U.S. 200, 1980; *Laird v. Tatum,* 409 U.S. 824, 1972) "Quite simply, and quite universally, recusal is required whenever impartiality might reasonably be questioned…. To be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." (Litkey v. U.S. 1994, 510 U.S. 540, 548, 114 S.Ct. 1147, 1154) Recusal is required whenever there exists a genuine question concerning a judge's impartiality, not merely when the question arises from an extrajudicial source." (Id. 552, 1155)

CONCLUSION

This indictment is defective and deprives this Court of subject matter jurisdiction over the prosecution. (United States v. Cotton, 2002, 535 U.S. 625)

Mark Marvin
135 Mills Road
Walden, N.Y. 12586

9